ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES BUCHANAN,
   Plaintiff

v.                                                No. 1:00-CV-1031

                                                  (Judge Rambo)

COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF CORRECTIONS, et al.,
   Defendants

FILED
JUN 01 2001
PER _____ DEPUTY CLERK
HARRISBURG, PA

## BRIEF IN SUPPORT OF DEFENDANTS MOTION IN LIMINE

**A.   Nature of the Action and Parties**

This is a civil rights action by a former state employee who claims that he was subjected to racial harassment, retaliation, and racial discrimination by state officials.

Plaintiff is James Buchanan who resides in Harrisburg, Pennsylvania. Plaintiff was until his discharge in December 1998 employed by the Commonwealth's Department of Corrections (DOC). Defendants are the DOC, James Tice, William Harrison and William Love who are all employed by the DOC.

The complaint is premised upon Title VII of the Civil Rights Acts of 1964 and 1991, ("Title VII"), 42 U.S.C. §1981, the Fifth, Thirteenth, and Fourteenth

Amendments to the United States Constitution and Pennsylvania common law. The constitutional claims are brought pursuant to 42 U.S.C. §1983.

The complaint requests declaratory and injunctive relief and damages. A jury trial has been requested.

B.  **Relevant Procedural History**

Defendants have moved for summary judgment. Summary judgment has not been ruled upon yet. In preparation for trial, defendants have filed a motion in limine to exclude testimony of Pastor Richard Adams regarding the character of Defendant James Tice.

C.  **Relevant Facts**

Plaintiff submitted in his answers to interrogatories that Richard Adams would testify about the plaintiff's plight in the year 2000 as well as relay information "that sheds light on Defendant James Tice's character."

**QUESTION PRESENTED**

**WHETHER THE TESTIMONY OF PASTOR ADAMS REGARDING THE CHARACTER OF JAMES TICE SHOULD BE EXCLUDED FROM TRIAL?**

# ARGUMENT

## THE TESTIMONY OF PASTOR ADAMS REGARDING THE CHARACTER OF JAMES TICE SHOULD BE EXCLUDED FROM TRIAL.

The character testimony should be excluded because it is immaterial, irrelevant, and unfairly prejudicial.

Character evidence under the Federal Rules of Evidence is admissible in certain limited situations. FRE 404(a). None of those limited situations is applicable to this case: this action does not involve the character of an accused victim, FRE 404(a)(1) & (2), and plaintiff can offer no reasons why Rules 607-609 would be applicable under FRE 404(a)(3). All that plaintiff has offered as justification for this "character" witness is that Pastor Adams could "shed light on James Tice's character."

This reason is not appropriate justification under FRE 404 for character evidence. Rule 404 prohibits evidence of character to prove conduct in conformity therewith. *U.S. v. Gatto*, 995 F.2d 449, 454 (3d Cir. 1993). This is because character evidence tends to distract the trier of fact from the main question of what actually happened: it permits the trier of facts to punish the "bad" man because of his character despite what the evidence shows actually happened. *Carpenter v. Vaughn*, 888 F.Supp. 635, 650 (M.D.Pa. 1994). It is unclear what

evidence of Tice's character, presumably bad character, that plaintiff intends to introduce and for what purpose. However, Rule 404 prohibits using character testimony to attempt to prove past conduct.

Even if plaintiff could introduce evidence of Tice's bad character, the jury could be confused by the information and instead of deciding whether plaintiff in this case was discriminated against be led to believe that plaintiff should recover because of Tice's "bad" character. This would be unfairly prejudicial and irrelevant to the case. What is relevant to this case are the reasons for plaintiff's termination and whether those reasons were motivated by racial discrimination. Plaintiff's proffered evidence of Tice's character is improper and should be excluded.

Federal Rule of Evidence 404(b) specifically precludes admission of evidence of other wrongs or acts to prove the character of a person in order to show actions in conformity with that character. Rule 404(b) does create an exception to this prohibition where the evidence of other wrongs are probative of motive, knowledge, intent or absence of mistake. FRE 404(b). If plaintiff seeks to introduce evidence of Tice's prior bad acts, it is plaintiffs's burden to come forward now with the evidence and his arguments as to why it falls within the Rule 404(b) exceptions. Even then, the evidence cannot be admitted until this

-4-

Court determines that its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Defendants do not believe that plaintiff can make such a showing.

Accordingly, the Court should preclude plaintiff from inquiry about or presenting evidence on Tice's character.

## CONCLUSION

**WHEREFORE**, the Court should grant defendants' motion *in limine* and enter an order precluding plaintiff presenting testimony regarding Tice's character.

                                      **Respectfully submitted,**

                                      **D. MICHAEL FISHER**
                                      **Attorney General**

**By:** _____
                                      **SARAH C. YERGER**
                                      **Deputy Attorney General**
                                      **Attorney ID# 70357**

                                      **SUSAN J. FORNEY**
                                      **Chief Deputy Attorney General**
                                      **Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
15th Fl., Strawberry Square
Harrisburg, PA 17120
(717) 705-2503
E-mail Address: syerger@attorneygeneral.gov

**Date: June 1, 2001**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BUCHANAN,<br>Plaintiff | :<br>:<br>: No. 1:00-CV-1031 |
| v. | :<br>: (Judge Rambo) |
| COMMONWEALTH OF PENNSYLVANIA,<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants | :<br>:<br>: |

### CERTIFICATE OF SERVICE

I, SARAH C. YERGER, Deputy Attorney General, hereby certify that I have this day served the foregoing Brief in Support of Defendants' Motion in Limine, by causing copies of it to be placed in the U.S. Mail, first class, postage prepaid, at Harrisburg, Pennsylvania, and addressed as follows:

Anser Ahmad, Esquire
8150 Derry Street
Harrisburg, PA 17111-5260

_____
SARAH C. YERGER
Deputy Attorney General

DATE: June 1, 2001