

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2794

JAMES K. BUCHANAN,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS;
JAMES TICE; WILLIAM A. HARRISON; WILLIAM J. LOVE

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

(Dist. Court No. 1:CV-00-1031)
Magistrate Judge: Honorable J. Andrew Smyser

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2002

Before: ALITO and FUENTES, Circuit Judges, and OBERDORFER,* District Judge.

JUDGMENT

      This cause came to be heard on the record from the United States District Court for the Middle District of Pennsylvania and was submitted under Third Circuit LAR 34.1(a) on September 12, 2002.

      After careful review and consideration of all contentions raised by the appellant, it is hereby ORDERED and ADJUDGED that the judgment of the District Court entered on June 8, 2001, be and is hereby AFFIRMED. Costs taxed against appellant. All in accordance with the opinion of this Court.

ATTEST:

_Kathleen Brown_ (signature)

Acting Clerk

DATED: September 20, 2002

**Certified as a true copy and issued in lieu
of a formal mandate on October 15, 2002.**

**Teste:** _Marcia M. Waldron_ (signature)

**Clerk, U.S. Court of Appeals for the Third Circuit.**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 01-2794

———

JAMES K. BUCHANAN,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS;
JAMES TICE; WILLIAM A. HARRISON; WILLIAM J. LOVE

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

(Dist. Court No. 1:CV-00-1031)
Magistrate Judge: Honorable J. Andrew Smyser

———

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2002

Before: ALITO and FUENTES, Circuit Judges, and OBERDORFER,[*] District Judge.

(Opinion Filed: September 20, 2002 )

———

[*] The Honorable Louis F. Oberdorfer, Senior District Judge for the District of Columbia, sitting by designation.

OPINION OF THE COURT

PER CURIAM:

We need not review the background of this case because this opinion is only for the benefit of the parties. We affirm the Magistrate Judge's grant of summary judgment to the Department of Corrections on all three of the plaintiff's legal theories. Specifically, we reject the plaintiff's claims on appeal that he has raised a genuine issue of material fact as to a hostile work environment, discriminatory termination, and retaliation.

Summary judgment is appropriate when the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Once the movant demonstrates by reference to the record the absence of genuine issues of material fact, the non-moving party must "go beyond the pleadings" and demonstrate that a reasonable factfinder could return a verdict in his favor. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson, 477 U.S. at 247. Our review of a grant of summary judgment is plenary. City of Erie v. Guaranty Nat'l Ins. Co., 109 F.3d 156, 159 (3d Cir. 1997).

The Magistrate Judge held that the incidents Buchanan alleged "were [not] sufficiently severe or pervasive" to constitute a hostile work environment as a matter of law. We agree. To prevail on a hostile work environment claim a plaintiff must establish

2

that he was detrimentally affected by pervasive and severe intentional racial discrimination and that such a reaction was reasonable under the circumstances. Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990). Because Buchanan neglected to identify items in the record from which a reasonable factfinder could conclude that the alleged incidents manifested racial animus, the Magistrate Judge correctly granted summary judgment to the Department on this issue. The single factual allegation relating directly to race, although arguably severe, lacks the requisite pervasiveness.

The Magistrate Judge also rejected Buchanan's claim that the Department terminated him because of his race. Buchanan alleges that the ostensible reason for his termination was merely a pretext for latent racial hostility, invoking the rule of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1972). Under this standard,

> (1) the plaintiff bears the burden of establishing a *prima facie* case of discrimination; (2) the burden then shifts to the defendant, who must offer a legitimate non-discriminatory reason for the action; and (3) if the defendant satisfies this burden, the plaintiff must then come forth with evidence indicating that the defendant's proffered reason is merely a pretext.

McNemar v. Disney Store, Inc., 91 F.3d 610, 619 (3d Cir. 1996). Since the Department

3

OFFICE OF THE CLERK

**UNITED STATES COURT OF APPEALS**

| Marcia M. Waldron | FOR THE THIRD CIRCUIT | Telephone |
|---|---|---|
| Clerk | 21400 United States Courthouse | 267-299-4928 |
|  | 601 Market Street |  |
|  | Philadelphia PA 19106-1790 |  |

www.ca3.uscourts.gov

October 15, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA   17108

RE: Docket No. 01-2794
    Buchanan  vs. Comm PA Corrections
    D. C. CIV. No. 00-cv-01031

RECEIVED
OCT 17 2002
MARY E. D'ANDREA, CLERK

Dear Mrs. D'Andrea:

  Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

  (X) We release herewith the certified list in lieu of the record.

  Kindly acknowledge receipt for same on the enclosed copy of this letter.

  Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                            Very truly yours,
                            MARCIA M. WALDRON
                            Clerk

                       By:  Carmella Wells
                            Case Manager

Enclosure
cc:
    Anser Ahmad, Esq.
    Gregory R. Neuhauser, Esq.
    Sarah C. Yerger, Esq.